UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER JOHNSON and KEITH
HILL, as legal guardian of JANELLE
HILL,

    Plaintiffs,

v.

PHH MORTGAGE CORPORATION,
PINGORA LOAN SERVICING, LLC,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, and PRIORITY
RESIDENTIAL SOLUTIONS, INC.,

    Defendants.

Case No. 17-11555

Honorable Linda V. Parker

## **OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

This action arises out of a residential mortgage foreclosure. Plaintiffs currently seek a preliminary injunction extending the expiration of the redemption period and enjoining their eviction from the foreclosed property. The redemption period has expired, however, and thus the Court only considers Plaintiffs' request to enjoin their eviction. Upon review, the Court is not persuaded that the issuance of a preliminary injunction is proper and therefore denies Plaintiffs' motion.

### **I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 15, 2014, Plaintiffs Jennifer Johnson and Janelle Hill, by Keith M. Hill, attorney in fact, purchased a parcel of real property located at 6986

Lexington Drive, West Bloomfield, MI (the "Property"). (Defs.' Resp. Br. at 1.) In order to finance the purchase, Plaintiffs obtained a loan in the amount of $328,000 from Mortgage Solutions of Colorado, LLC, for which they executed a Mortgage identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the lender. (*Id.* & Ex. A.) The Mortgage was properly recorded on June 2, 2015. (*Id.*)

Plaintiffs defaulted on the Mortgage shortly thereafter, on September 28, 2015, and Defendant PHH Mortgage Corporation ("PHH") sent them a breach notice. (*Id*. Ex. B.) PHH notified Plaintiffs that they had thirty-five days from the date of the letter to cure the default. (*Id*.)

There were subsequent attempts at loss mitigation, with Plaintiffs failing to complete the necessary steps to complete the application and then to accept and satisfy the trial loan modification. (*Id*. Exs. C & D.) Plaintiffs allege in their Complaint that they were confused by the information they received from PHH and therefore engaged Defendant Priority Residential Solutions, Inc. ("PRS") to assist them with the loan modification process. (Compl. ¶ 31.) Plaintiffs allege that their subsequent failure to accept and complete the trial loan modification is due to PRS' failure to communicate their acceptance to PHH. (*Id*. ¶¶ 42-45.)

Eventually Plaintiffs' loan was referred to Trott Law, P.C. to initiate foreclosure by advertisement proceedings. On August 8, 2016, a notice was sent to

Plaintiffs indicating the debt was being accelerated and foreclosure had commenced. (*Id*. Ex. E.) In response, Plaintiffs again attempted to engage PHH in loss mitigation discussions, but they again failed to provide a complete application and PHH declined to complete the review process. (*Id*. Ex. F.)

Prior to the foreclosure sale, the Mortgage was assigned to Defendant Pingora Loan Servicing, LLC ("Pingora") pursuant to an Assignment of Mortgage. (*Id*. Ex. G.) The Assignment was recorded on September 15, 2016. (*Id*.)

A Sheriff's Sale of the Property was held on October 18, 2016, with Defendant Federal National Mortgage Association ("Fannie Mae") as the successful bidder. (*Id*. Ex. H.) The six-month statutory redemption period for the Property expired on April 18, 2017, with Plaintiffs failing to redeem.

One day earlier, Plaintiffs initiated this action in Michigan state court and filed a motion for temporary restraining order and preliminary injunction. A state court judge entered an ex-parte TRO on April 18, 2017. (ECF No. 1-6.) The order enjoins

> Defendants from evicting Plaintiffs, or otherwise assigning, conveying or otherwise transferring the Subject Property at issue to a third party, pending a hearing relative to Plaintiffs' request for a Preliminary and/or Permanent Injunction seeking the same relief through trial.[1]

(*Id*.) The state court judge set a hearing for May 17, 2017. (*Id*.)

---

[1] While Plaintiffs requested a stay of the expiration of the redemption period in their motion for TRO, the order does not grant this relief.

A day before the hearing, the served defendants (i.e., all defendants except Priority Residential Solutions, Inc.) removed Plaintiffs' Complaint to federal court based on original subject matter jurisdiction. (ECF No. 1.) In the Complaint, Plaintiffs assert the following counts:

I. Declaratory Relief
II. Quiet Title
III. Illegal Foreclosure
IV. Illegal Foreclosure – Respecting Notice of Default
V. Violations of 12 C.F.R. 1024.41 – Regulation X
VI. Damages under the Real Estate Settlement Procedures Act ("RESPA")
VII. Breach of Contract as to PHH and Pingora
VIII. Request for Conversion to Judicial Foreclosure
IX. Breach of Contract as to PRS
X. Breach of Fiduciary Duty as to PRS
XI. Fraud/Intentional Misrepresentation
XII. Violation of the Credit Services Protection Act
XIII Violation of the MARS Rule and Regulation O

PHH, Pingora, and Fannie Mae filed an Answer to the Complaint on May 23, 2017. (ECF No. 7.) They filed a response to Plaintiffs' motion for preliminary injunction on June 8, 2017. (ECF No. 9.)

## II. STANDARD OF REVIEW

When a party moves for a preliminary injunction, the district court considers four factors to determine whether to grant relief: (1) the likelihood of success on the merits of the action; (2) the irreparable harm which could result without the requested relief; (3) the possibility of substantial harm to others; and (4) the impact on the public interest. *Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*,

753 F.2d 1354, 1356 (6th Cir. 1985). "Although these four factors must be considered in assessing a request for preliminary injunction, the four factors do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief. Instead, the district court must engage in a realistic appraisal of all the traditional factors weighed by a court of equity." *Id.*

"[T]he preliminary injunction is an 'extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it.'" *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)). The party moving for the injunction has the burden to show that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Although the district court must balance and weigh the relevant preliminary injunction considerations, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 223 F.3d 620, 625 (6th Cir. 2000). Thus, the court is not required to make specific findings concerning each of the four factors if fewer factors are dispositive. *In re DeLoreon Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

## III. ANALYSIS

Plaintiffs seek a preliminary injunction staying eviction proceedings. However, Plaintiffs fail to set forth any arguments in their pending motion to show that they are likely to succeed on the merits of any of the alleged causes of action that would entitle them to such relief.[2] The Court concludes that they are not likely to succeed on those claims.

> As the Sixth Circuit has explained:
>
> Once the six-month redemption period expires, "the mortgagor's right, title, and interest in and to the property are extinguished," and courts may not set aside the foreclosure unless the mortgagor shows fraud or irregularity "relate[d] to the foreclosure procedure itself." [*Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013)] (internal quotation marks omitted). The mortgagor must also demonstrate prejudice, which means that "they would have been in a better position to preserve their interest in the property absent the defendant's noncompliance with [Mich. Comp. Laws § 600.3204]." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16, 825 N.W.2d 329, 337 (2012).

*Nance v. Bank of America, N.A.*, 638 F. App'x 476, 478 (6th Cir. 2016) (brackets omitted). Plaintiffs failed to redeem the Property before the redemption period expired. They do not allege fraud or irregularity in "the foreclosure procedure itself" that resulted in prejudice to them.

---

[2] In other words, Plaintiffs could not evade eviction even if they prevail on some of their claims as some claims would not result in setting aside the foreclosure and allowing Plaintiffs to regain title to the Property.

At most, Plaintiffs allege that the Sheriff's Deed reflects that notice of the Sheriff's Sale was posted on the door of the Property on September 24, 2016, when in fact the only notice was posted September 6, 2016. (Compl. ¶¶ 62, 63.) Yet, Plaintiffs fail to establish prejudice as a result of this discrepancy and acknowledge that they otherwise received notice of the foreclosure proceedings. (*Id*. ¶ 54.) As such, they are not likely to succeed in setting aside the foreclosure and regaining title to the Property.

Accordingly,

**IT IS ORDERED THAT**, Plaintiffs' Motion for Preliminary Injunction is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 15, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 15, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager